IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY WAYNE SMITH, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-08-0855 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Director of the Texas Department | § | |
|     of Criminal Justice - Correctional | § | |
|     Institutions Division, | § | |
|         Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for report and recommendation. The court recommends that Smith's petition be dismissed as successive.

Smith's petition, filed March 13, 2008, is subject to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). AEDPA provides that "[a] claim presented in a second or successive application that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

On October 28, 1981, Smith was convicted of attempted murder and sentenced to 75 years in prison.[1] Smith has filed two prior federal habeas petitions.[2] Most recently, he filed a habeas petition on January 25, 2006 challenging the calculation of his good time credits and

---

[1] Smith's petition indicates that he appealed his conviction and filed at least one state habeas application. The dates of the state court decisions are not in the record and are not necessary to disposition of this case.

[2] *See Smith v. Quarterman* Civil Action No. 06-269; *Smith v. Cockrell*, Civil Action No. 01-4177.

the state's failure to release him to mandatory supervision or parole. *Smith v. Quarterman*, Civil Action No. H-06-269. While that habeas petition was before the court, Smith was released to mandatory supervision and transferred to a halfway house under the control of the Parole Division of the Texas Department of Criminal Justice. Respondent filed a motion to dismiss the case as moot. Smith responded, asserting that his case was not moot because, among other things, respondent continued to restrain his liberty through GPS monitoring and other restrictions. The district court rejected his claims, granted respondent's motion, and dismissed the case with prejudice. Thus, Smith has previously sought and been denied federal habeas relief on the same claims asserted in this case.

The court recommends that Smith's petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(b)(1). It is further ordered that Smith's pending motions are denied.[3]

The court finds that Smith has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

---

[3] Motion for Release from Electronic Monitoring (Dkt. 3); Motion for Enforcement of Federal Court Order (Dkt. 4); Motion for Discovery (Dkt. 5); Motion for Show Cause Hearing (Dkt. 6).

Signed at Houston, Texas on October 8, 2008.

_____
Stephen Wm Smith
United States Magistrate Judge